UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY BEAVERS,

    Petitioner,

    v.       CAUSE NO. 3:22-CV-153-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Cory Beavers, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-21-4-129) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of engaging in unauthorized financial transactions in violation of Indiana Department of Correction Offense 220. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Mr. Beavers argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of engaging in an unauthorized financial transaction.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines Offense 220 as:
>
> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction. This includes the discussion of engaging in unauthorized financial transaction(s) with any other person. Giving, transferring, sending, trading, transmitting or in any other manner moving monies or other currencies from an offender or their associate to another person or from another person to an offender or their associate without the prior authorization of a facility Warden.

ECF 15-3.

The administrative record includes a conduct report in which an investigator represented that she searched through a cellphone confiscated from Mr. Beavers and found that he had completed 122 transactions using Cash App. ECF 15-1. It also includes an investigative report where a correctional officer confessed to delivering cakes which he believed to contain tobacco to Mr. Beavers in exchange for $1,110 via Cash App. ECF 15-2. The conduct report and the investigative report constitute some evidence that Mr. Beavers engaged in unauthorized financial transactions. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

If Mr. Beavers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 10);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cory Beavers leave to appeal *in forma pauperis*.

SO ORDERED.

November 21, 2022                     *s/ Damon R. Leichty*
                                       Judge, United States District Court